# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

MARTHA CARRANZA,

Petitioner,

vs.

UNITED STATES OF AMERICA

Respondent.

CASE NO. 07cv1797  IEG *related to* 06CR0901  IEG

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

[Doc. No. 62]

Presently before the Court is Martha Carranza's ("Petitioner") motion to vacate, set aside, or correct pursuant to 28 U.S.C. § 2255.  For the following reasons, the Court DENIES Petitioner's motion.

## BACKGROUND

On June 28, 2006, the Court accepted Petitioner's guilty plea to one count of importation of cocaine in violation of 21 U.S.C. §§ 952, 960.  The Court sentenced petitioner to 30 months in jail with 3 years of supervised release.  On December 21, 2006, the Court entered judgment.

Petitioner challenges her confinement under 28 U.S.C. § 2255.  Specifically, Petitioner's motion worksheet sets forth four grounds for relief: (1) Ineffective Assistance of Counsel; (2) Failure to File Petitioner's Appeal; (3) Violation of the Sixth Amendment; and (4) Violation of Plea Agreement.  These points, however, are not all clearly addressed in Petitioner's attached memorandum which includes various recitations of legal opinions unrelated to Petitioner's case.  In her traverse, Petitioner clarifies her grounds for relief, asserting the claim is based solely on the ineffectiveness of

- 1 -

her counsel:

> [T]he only object that I feel the this Honorable Court needs to now is that counsel was so ineffective that [sic] never help me in the process of the case, and I do believe that this Honorable Court knows that not [sic] knowin the law of the United States I was deprived of my constitutional rights.

(See Petitioner's Traverse, at 2.)  She specifically asserts counsel was ineffective in connection with explaining the effect of the plea agreement entered in the case:

> [Counsel was ineffective] by not explaining [] the consequences of [] signing the plea agreement, and the presentence report and failing to file [an] appeal . . . .

(Id. at 3.)  Petitioner goes on to assert the plea agreement was not entered into voluntarily but instead the product of pressure by counsel:

> Petitioner did not have the opportunity to make an informed decision because her attorney insisted that she sign the plea agreement.

(Id.)  She argues she was prejudiced since she involuntarily surrendered her right to a trial and her right to appeal.  (Id. at 4.)

## LEGAL STANDARD

Under 28 U.S.C. § 2255, the court may vacate, set aside, or correct a sentence which was "imposed in violation of the Constitution or laws of the United States."  Petitioner is entitled to an evidentiary hearing on her claims "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255.  Thus, an evidentiary hearing is necessary where "the movant has made specific factual allegations that, if true, state a claim on which relief could be granted."  United States v. Leonti, 326 F.3d 1111, 1116 (9th Cir. 2003).

## DISCUSSION

I.     **Waiver**

As an initial matter, Respondent opposes Petitioner's motion on the ground that as part of her plea agreement, Petitioner waived any right to collaterally attack her conviction and sentence.

While the Ninth Circuit has upheld the validity of waivers of statutory rights, such as the right of appeal and collateral attack, see United States v. Abarca, 985 F.2d 1012, 101 (9th Cir. 1993), such a waiver does not include claims of ineffective assistance of counsel brought under 28 U.S.C. § 2255. United States v. Baramadyka, 95 F.3d 840, 844 (9th Cir. 1996).  Because Petitioner claims that her plea agreement was made based on ineffective assistance of counsel, the Court must review the

1  substance of Petitioner's claims.

2  **II.      Ineffective Assistance of Counsel**

3          i.      Legal Standard

4          "A guilty plea cannot be attacked as based on inadequate legal advice unless counsel was not

5  'a reasonably competent attorney' and the advice was not 'within the range of competence demanded

6  of attorneys in criminal cases.'"  Strickland v. Washington, 466 U.S. 668, 687 (1984).  To make out

7  a claim of ineffective assistance of counsel under Strickland, Petitioner must show (1) "that counsel's

8  performance was deficient" and (2) "the deficient performance prejudiced the defense."  Id.  The Ninth

9  Circuit has applied the Strickland standard to claims of ineffective assistance of counsel during the

10  plea bargain process in noncapital cases.  Washington v. Lampert, 422 F.3d 864, 872-73 (9th

11  Cir.2005); Riggs v. Fairman, 399 F.3d 1179, 1182 n. 3 (9th Cir.2005).

12          Deficiency of counsel, the first prong of the Strickland test, "requires showing that counsel

13  made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth

14  Amendment."  Strickland, 466 U.S. at 687.  "[T]he defendant must show that counsel's representation

15  fell below an objective standard of reasonableness . . . under prevailing professional norms."  Id. at

16  688.  Furthermore, judicial scrutiny of counsel must be highly deferential because of the risk that the

17  benefit of hindsight would make the counsel's performance seem unreasonable.  Id. at 689.

18          The second prong of the Strickland test requires that any deficiency of counsel also be

19  prejudicial.  Id. at 692.  Therefore, even if a defendant is able to show that counsel acted unreasonably,

20  he still must show that counsel's actions had an adverse effect on the outcome.  Id. at 693.  "The

21  defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors,

22  the result of the proceeding would have been different."  Id. at 694.

23          ii.      Analysis

24          Based on an examination of the Petitioner's motion, supporting memorandum, and the

25  clarifications in Petitioner's traverse, the Court construes Petitioner's motion as requesting relief based

26  on three distinct grounds for ineffective assistance of counsel: (1) counsel's inducement of an

27  involuntary plea; (2) counsel's failure to explain the effect of the plea agreement, including waiver

28  of the right to trial and right to appeal; (3) counsel's failure to file Petitioner's appeal.  The Court

1  addresses each in turn.

2          1.    Counsel's Inducement of an Involuntary Plea

3        Petitioner asserts she was "induce[d] by counsel to agree to everything the government was

4  requesting of her" (Petitioner's Mem. ISO Pet., pg. 21.) and "induce[d] by her counsel to plea to

5  everything the prosecutor said [sic] if not Petitioner was getting more time." (Id. at 34.)  She also

6  contends she did not have an opportunity to "make an informed decision because her attorney insisted

7  that she sign the agreement." (Petitioner's Traverse, pg. 3.)

8        Beyond conclusory allegations that counsel "induced" and "insisted" that Petitioner enter into

9  the plea agreement, Petitioner has not explained what pressure defense counsel brought to bear which

10  caused Petitioner to involuntarily sign the plea agreement or plead guilty in open court.  It is

11  well-established that conclusory allegations of ineffective assistance of counsel which are not

12  supported by a statement of specific facts do not warrant habeas relief.  See, e.g., James v. Borg, 24

13  F.3d 20, 26 (9th Cir.1994).  Even assuming the truth of Petitioner allegation that counsel said

14  Petitioner would be "getting more time" if she did not plead, this fact is insufficient to establish

15  improper inducement by counsel.  Petitioner has not explained why such a statement, which would

16  reflect counsel's assessment of Petitioner's case and the favorability of the plea agreement, was so

17  seriously mistaken or so objectively unreasonable as to have denied Petitioner the benefit of counsel

18  guaranteed by the Sixth Amendment.

19        Therefore, Petitioner's claim of ineffective assistance of counsel on this ground fails.

20          2.    Counsel's Failure to Explain the Effect of the Plea Agreement

21        Petitioner next contends counsel's assistance was ineffective because "counsel never

22  explain[ed] to petitioner that by signing the plea agreement she was waiving all her constitutional

23  rights" (Petitioner's Mem. ISO Mot, pg. 21) and that she was "never [] fully informed of risks nor did

24  she willingly or [sic] knwoingly give consent to said risks" (Id. at  31).  Petitioner says counsel did

25  not "explain[] . . . the consequences of [] signing the plea agreement . . . ."  Specifically, Petitioner

26  asserts counsel never explained that Petitioner "was waiving [her] right to appeal . . . " (Petitioner's

27  Traverse, pg. 5) and that any waiver of her right to appeal was therefore not knowing and voluntary

28  (Id. at 7).

The record before the court does not support Petitioner's charge.  An examination of the plea agreement shows that the rights Petitioner agreed to give up in conjunction with her guilty plea—including her right to trial and right to appeal—were clearly set out in a section devoted to an explanation of those rights.  (See Resp. Ans., Ex. 1, Page 3, "Defendant's Waiver of Trial Rights", page 7 "Defendant Waives Appeal and Collateral Attack.")  The plea agreement, including the waiver of these rights, was signed by Petitioner on June 28, 2006, and every page of the agreement, including the waiver section and the waiver of appeal section, bears the initials "MC," thus indicating Petitioner reviewed every page of the agreement.

Further, at the plea colloquy, Petitioner indicated that she had read the plea agreement, reviewed it with her attorney, and that she understood the agreement and its waiver provisions:

THE COURT:   . . . . THE PLEA AGREEMENT CONSISTS OF NINE PAGES AND YOUR SIGNATURE IS ON THE BACK OF THE PLEA AGREEMENT.  DOES THAT MEAN THAT YOU READ THE PLEA AGREEMENT OVER WITH YOUR ATTORNEY?

PETITIONER:   YES.

THE COURT:   DO YOU UNDERSTAND THE PLEA AGREEMENT?

PETITIONER:   YES.

THE COURT:   WAS YOUR ATTORNEY ABLE TO ANSWER ANY QUESTIONS THAT YOU HAD ABOUT THE PLEA AGREEMENT?

PETITIONER:   YES.

THE COURT:   OKAY. DO YOU FEEL YOU'VE HAD ENOUGH TIME TO TALK WITH YOUR ATTORNEY ABOUT THE PLEA AGREEMENT?

PETITIONER:   YES.

THE COURT:   AND DO YOU  – ARE YOU SATISFIED WITH HER SERVICES?

PETITIONER:   YES.

(Adden. to Resp. Ans., Status Hearing, pg. 5-8.)  Later, the Court explained the effect of the guilty plea:

THE COURT:   FIRST OF ALL, YOU [] HAVE THE RIGHT TO CONTINUE TO PLEAD NOT GUILTY.   YOU [] HAVE THE RIGHT TO BE REPRESENTED BY AN ATTORNEY AT ALL TIMES AT NO COST TO YOU.  YOU [] HAVE THE RIGHT TO A PUBLIC AND SPEEDY TRIAL BY JURY, AND A JURY OF 12 PEOPLE WOULD DECIDE IF YOU ARE GUILTY OR NOT GUILTY.

1                                              *       *       *

2                                    BUT IF YOU GO FORWARD TODAY AND YOU PLEAD GUILTY,
                                     THEN THE MATTER ENDS HERE TODAY, EXCEPT FOR
3                                    SENTENCING.  THAT MEANS YOU HAVE NO TRIAL IN THIS
                                     CASE, YOU GIVE UP YOUR RIGHT TO QUESTION WITNESSES
4                                    AND REPRESENT YOUR OWN WITNESSES AND YOU GIVE UP
                                     YOUR RIGHT TO REMAIN SILENT.
5
                                     NOW DO YOU UNDERSTAND THE RIGHTS THAT YOU GIVE
6                                    UP BY PLEADING GUILTY?  MS. CARRANZA?

7        PETITIONER:                 YES.

8                                              *       *       *

9        THE COURT:                  ARE YOU WILLING TO GIVE UP THESE RIGHTS AND PLEAD
                                     GUILTY, MS. CARRANZA?
10
         PETITIONER:                 YES.
11
                                               *       *       *
12
(Id. at 8-9.)  With respect to sentencing in particular, the Court explained the effect of the plea
13
agreement on sentencing:
14

15       THE COURT:                  MS.   CARRANZA,   HAVE   YOU   GONE OVER THOSE
                                     [SENTENCING] GUIDELINES CALCULATIONS WITH YOUR
16                                   ATTORNEY.

17       PETITIONER:                 YES.

18                                             *       *       *

19       THE COURT:                  DO   YOU   UNDERSTAND   THAT   THESE   ARE ONLY
                                     RECOMMENDATIONS AND THAT I DON'T HAVE TO FOLLOW
20                                   THE RECOMMENDATIONS AND THAT I CAN'T MAKE ANY
                                     PROMISES TO YOU ABOUT [SIC] SENTENCE YOU WILL
21                                   RECEIVE?  MS. CARRANZA, DO YOU UNDERSTAND?

22       PETITIONER:                 I UNDERSTAND, YES.

23   (Id. at 10.)  Finally, Petitioner was told she would waive her right to appeal pursuant to the plea:

24       THE COURT:                  BUT IF I DO SENTENCE YOU ACCORDING TO AGREEMENT,
                                     THAT IS, IF I SENTENCE YOU TO NO MORE CUSTODY TIME
25                                   THAN   THE   HIGH   END   OF   THE   GUIDELINE RANGE
                                     RECOMMENDED BY THE GOVERNMENT, AS LONG AS I
26                                   SENTENCE YOU TO NO MORE CUSTODY TIME THAN THAT
                                     [sic] THAT RECOMMENDED, THEN YOU GIVE UP YOUR
27                                   RIGHT TO APPEAL OR ATTACK THE SENTENCE.  DO YOU
                                     UNDERSTAND, MS. CARRANZA?
28
         PETITIONER:                 YES.

- 6 -

1    (Id. at 10-11.)

2            Several months later, at the sentencing hearing, the Court again alerted Petitioner to her waiver

3    of her right to appeal:

4            THE COURT:          AND LET ME ASK MISS CARRANZA. I'VE SENTENCED YOU
                                 ACCORDING TO THE AGREEMENT YOU SIGNED.  THAT
5                                MEANS YOU'VE GIVEN UP YOUR RIGHT TO APPEAL THE
                                 SENTENCE.  DO YOU UNDERSTAND?
6
             PETITIONER:         YES.
7
     (Adden. to Resp. Ans., Sentencing Proceedings, at 24.)
8
             In light of this record, Petitioner cannot claim that she entered into the plea agreement without
9
     a full and complete understanding of the consequences of the plea.  Further, though Petitioner could
10
     have received a mandatory minimum of ten years, she ultimately received a sentence of 30 months.
11
     This favorable sentence further undermines Petitioner's claim of ineffective assistance of counsel
12
     because Petitioner cannot prove that her counsel's actions prejudiced her case.
13
             Therefore, Petitioner's claim of ineffective assistance of counsel on this ground also fails.
14
             iii.      Counsel's Failure to File an Appeal
15
             Finally, Petitioner asserts counsel was ineffective for failing to "file her appeal." (Petitioner's
16
     Mem. ISO Pet., pg. 38.; see also Petitioner's Traverse, pg. 8.)
17
             In United States v. Sandoval-Lopez, 409 F.3d 1193 (9th Cir. 2005), the Ninth Circuit explained
18
     the framework for determining whether ineffective assistance of counsel exists based on counsel's
19
     failure to file a notice of appeal.  In step one, the court asks whether counsel consulted with the
20
     defendant about an appeal.  If the answer is no, the court next examines whether this failure to consult
21
     was deficient performance. Id. at 1195-96.  The court explained that the answer to the second question
22
     is not always "yes" and would depend on the circumstances of the particular defendant including
23
     whether a plea agreement had waived the right to appeal in the case:
24
             [The] deficient performance prong of Strickland v. Washington is satisfied in failure
25           to consult cases where there is reason to think either (1) that a rational defendant
             would want to appeal (for example, because there are non-frivolous grounds for
26           appeal), or (2) that this particular defendant reasonably demonstrated to counsel that
             he was interested in appealing.  For the "would want to appeal" branch, a highly
27           relevant factor in determining whether a rational defendant would want to appeal is
             whether the plea was entered pursuant to a plea agreement, whether the defendant had
28           been sentenced in accord with his agreement, and whether the plea agreement waived
             or reserved the right to appeal.

1   Id. at 1196 (internal quotations and citation omitted).  The court went on to discussed the hypothetical

2   situation where a petitioner, who has signed a plea agreement waiving appeal, never expresses to

3   defense counsel any desire to appeal.  In such cases, the court explained, an ineffective assistance of

4   counsel claim would be foreclosed since there would be no ground for appeal (because appeal was

5   waived) and since the defendant would have presumably obtained the benefit of the plea bargain.  Id.

6   The court noted that, under such circumstances, "no rational defendant would want to appeal" and

7   therefore, absent a direct request by Petitioner, a failure to appeal "would not be deficient

8   performance."  Id.

9        The present case presents exactly the hypothetical described above.  Nowhere in Petitioner's

10   moving papers does she allege she requested her attorney file an appeal nor that counsel refused such

11   a request.  Instead, the only allegation is that counsel "failed" to file an appeal.  Under the

12   circumstances, even assuming counsel failed to consult with Petitioner about a potential appeal, the

13   deficient performance prong of Strickland is not satisfied since (1) no rational defendant would want

14   to appeal where, as here, appeal had been waived and defendant had received the benefit of the

15   bargain; and (2) none of the allegations or evidence before the court indicates defendant "reasonably

16   demonstrated" to counsel that she was interested in appeal.  See id.

17        Therefore, Petitioner's claim of ineffective assistance of counsel on this ground also fails.

18                                        **CONCLUSION**

19        For the foregoing reasons, the Court hereby **DENIES** Petitioner's motion to vacate her

20   sentence pursuant to 28 U.S.C. § 2255.  The Clerk of the Court is ordered to close the case.

21   Furthermore, the Court denies Petitioner a certificate of appealability.[1]

22

23   **DATED:  July 14, 2008**

24                                        _Irma E. Gonzalez_

25                                        **IRMA E. GONZALEZ, Chief Judge**
                                         **United States District Court**

26

27

28   _____

     [1]See 28 U.S.C. § 2253(c) (providing that a certificate shall issue "only if the applicant has made a substantial
     showing of a denial of a constitutional right").